T.C. Memo. 2012-50

UNITED STATES TAX COURT

QUNNIA SHANTEL HATCH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19685-09.                          Filed February 23, 2012.

Qunnia Shantel Hatch, pro se.

Joel D. McMahan, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, Judge:  On May 18, 2009, respondent sent to petitioner a notice of

deficiency determining a deficiency in Federal income tax for taxable year 2007 of

$1,966. The issues for decision are whether petitioner is liable for the deficiency in Federal income tax relating to $4,451 of unreported income for the tax year at issue and whether petitioner is liable for a penalty under section 6673[1] for instituting or maintaining proceedings primarily for delay and for maintaining a frivolous position.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner lived in Florida.

During 2007 petitioner worked part time for North South Florida Rehab, Inc. (North South), in addition to her full-time job. North South hired petitioner on an as-needed basis. There was no written contract signed between the parties. Petitioner believed that she was an employee on the basis of documents representing the relationship between herself and North South. However, North South considered her an independent contractor.

Petitioner typically performed clerical duties, including inputting of data, filing, and billing. North South paid petitioner using corporate checks and provided her a Form 1099-MISC, Miscellaneous Income, for tax purposes. No

_____

[1]All section references are to the Internal Revenue Code in effect for the tax year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

income tax was withheld from the payments, and North South did not extend to her benefits that it offered its employees.

Petitioner timely filed her 2007 Federal income tax return and did not include the payments from North South in her income. Respondent sent to petitioner a notice of deficiency determining that petitioner failed to include in income the nonemployee compensation paid to her by North South. The notice of deficiency also determined that petitioner failed to pay self-employment tax on the nonemployee compensation; however, respondent has conceded this issue.

OPINION

Petitioner concedes that she received $4,451 of income from North South. She argues that the income she received was not taxable income within the meaning of the law, as she was an employee of North South, and that North South should not have issued her a Form 1099-MISC.[2] Alternatively, petitioner argues that the amounts paid by North South were a tax-free contribution to her.

_____

[2]Sec. 31(a)(1) provides to an employee a credit against the employee's income tax obligation with respect to her wages for "[t]he amount withheld as tax under chapter 24". Sec. 1.31-1(a), Income Tax Regs., limits the credit to "[t]he tax deducted and withheld at the source upon wages under chapter 24". Further, the credit is provided to the employee if the tax has been actually withheld at the source even if the tax has not been paid by employer to the Government. Id. The sec. 31(a)(1) credit is not available to petitioner as she was not treated as an employee by North South and North South never actually withheld any amounts from her wages.

Section 61 provides that gross income includes all income from whatever source derived, specifically including compensation for services. Sec. 61(a)(1). Compensation is further defined to include wages, salaries, and bonuses. Sec. 1.61-2(a)(1), Income Tax Regs. Exclusions from income exist if the taxpayer can establish a specific legislative authorization to exclude income from taxation and are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Petitioner argued that she was an employee and should not have been issued a Form 1099-MISC. However, given that respondent conceded the self-employment tax issue, it makes no difference whether the wages were earned in the context of being an employee or a contractor. Petitioner conceded that she received the amounts at issue from North South in exchange for her services; therefore, she has gross income from compensation.

Petitioner also argues that because she was an employee, the amount should be excluded from income as a nontaxable contribution to her from North South. Petitioner has not demonstrated that she was an employee for 2007. Additionally, even if she was an employee, the amounts are still taxable. Section 102(a) provides that gross income does not include the value of property acquired by gift, bequest, or inheritance. However, amounts "transferred by or for an employer to,

or for the benefit of, an employee" are not excludible from income. Sec. 102(c). Only in "exceptional" circumstances is a transfer between an employer and an employee considered a gift. Commissioner v. Duberstein, 363 U.S. 278, 287 (1960). The legislative history of section 102 indicates that a gift may be made by an employer to an employee if it is exclusively for personal reasons, if it is entirely unrelated to the employment relationship, and if it reflects no anticipation of business benefit. See S. Rept. No. 99-313, at 47-49 (1986), 1986-3 C.B. (Vol. 3) 1, 47-49. There is no evidence that the amounts paid to petitioner are anything other than wages paid for the clerical services she performed and thus are not excludible from income.

Section 6673(a) authorizes the Tax Court to impose a penalty not in excess of $25,000 on a taxpayer for proceedings instituted primarily for delay or in which the taxpayer's position is frivolous or groundless. Respondent has moved for imposition of such a penalty because of petitioner's lack of cooperation and numerous filings with the Court. Petitioner submitted a large number of documents in efforts to explain her position to the Court. While a section 6673 penalty is not appropriate at this time, the Court warns petitioner that continuing to advance groundless arguments or accusations may result in penalties in the future.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.